IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LESTER WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 9:10cv64 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Lester Williams, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams says that he was convicted of one count of aggravated sexual assault of a child and one count of sexual assault of a child, his 13-year-old stepdaughter, receiving concurrent 80 and 20-year sentences. In his petition for federal habeas corpus relief, Williams complained that the State tampered with evidence, Williams was subjected to double jeopardy, and the prosecutor withheld evidence in violation of the court's pre-trial discovery order.

The Magistrate Judge ordered an answer from the Respondent, and received copies of the state court records. In his answer, the Respondent asserted that all of Williams' claims were procedurally barred because Williams' claim of double jeopardy was never presented to the state courts, and his other claims were presented to the state courts for the first time in Williams' second state habeas petition, which was dismissed as successive. Williams filed a response to the answer arguing that his claims should not be barred because they are based on "newly discovered evidence."

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Williams' claims were procedurally barred and that Williams' claim of "newly discovered evidence" to excuse this default lacked merit because Williams failed to show that he did not know of and could not reasonably known of this evidence in time to raise it in a timely manner. The Magistrate Judge also recommended that Williams be denied a certificate of appealability *sua sponte*.

In his objections, Williams first complains that the Respondent said that he received effective assistance of counsel. To the extent that Williams may have raised a claim of ineffective assistance of counsel, this claim is procedurally defaulted. This objection is without merit.

Second, Williams says that he was only subjected to double jeopardy when he filed his second state habeas petition. The second state habeas petition is not a criminal prosecution and so could not have subjected Williams to double jeopardy. This objection is without merit.

Third, Williams complains that the prosecutor withheld documents. This claim has been procedurally defaulted and is without merit.

Fourth, Williams complains about the Magistrate Judge's conclusion that he knew of the alleged newly discovered evidence. This evidence consisted of a letter from a Child Protective Services officer in Nacogdoches County talking about a voluntary placement agreement, and the agreement itself. This agreement was dated in December of 2001, signed by Williams' wife, asking that the victim of the assault be placed with her aunt. The letter explained that a CPS investigation was begun in December of 2001 and concluded in March of 2002, at which time the child's mother, Williams' wife, regained the right to have possession of her daughter, Williams' stepdaughter.

Williams argued that he did not receive these documents until 2009, and so he could not have raised the claims in his earlier petitions. However, as the Magistrate Judge pointed out, Williams was living with his wife and children, including the victim, from December of 2001 through March of 2002. Williams offered no reason why he would not have known that his stepdaughter had been separated from the family for three months, or any other reason why this evidence would have been

"newly discovered." In his objections, Williams says that his wife left him after CPS placed his stepdaughter in their custody and so he "knew that his stepdaughter had been removed but did not know why." Williams has failed to show that his claim of "newly discovered evidence" is sufficient to overcome the procedural default, given that he concedes that he knew that his stepdaughter had been removed from the house and placed in CPS custody.

The Fifth Circuit has explained that a procedural default bars federal habeas review of the claim unless the petitioner can show cause for the default and prejudice attributable thereto. Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001). When the petitioner brings a claim of suppression of exculpatory evidence which is procedurally defaulted, a showing of "cause" is made by when the reason for the failure to develop facts is the suppression of the relevant evidence, which prejudice exists when the suppressed evidence is material. Rocha v. Thaler, — F.3d —, 2010 WL 3516646 (5th Cir., September 9, 2010). In this case, Williams has not shown "cause" because he knew that his stepdaughter had been removed from the house in December of 2001, and he has not shown "prejudice" because he has made no showing that the allegedly suppressed evidence was material. Williams' argument concerning this evidence is that his stepdaughter was removed from his possession from December of 2001 until March of 2002, and the indictment alleged that the abuse took place "on or about February 15, 2002," which he says is impossible. However, under state law, the term "on or about February 15, 2002" allowed the State to prove a date other than the one specifically alleged, so long as the date is anterior to the presentment of the indictment and within the statutory limitations period. Williams v. State, slip op. no. 12-06-00197-CR, 2007 WL 2258121 (Tex.App.-Tyler, August 8, 2007, pet. ref'd). Thus, even if Williams could prove that he could not have committed the offense on the specific date of February 15, 2002, this would not have formed a basis to set aside his conviction. He has failed to show prejudice and his objection on this point is without merit.

Finally, Williams complains about an arrest report which says that the offense took place in February of 2002. He also complains that at this time, he was living in Angelina County, but officers

from Nacogdoches County were "on the case." He again says that because his stepdaughter was in CPS custody in February of 2002, the offense could not have taken place at that time. Williams' claim regarding the arrest report is procedurally defaulted and his claim regarding the date of the offense lacks merit, as explained above. Williams' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Lester Williams is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **5** day of **October, 2010.**

_____
Ron Clark, United States District Judge