IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LESTER WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 9:10cv64 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

The Petitioner Lester Williams filed this application for the writ of habeas corpus challenging the validity of his convictions for sexual assault of a child and aggravated sexual assault of a child. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge ordered the Respondent to answer Williams' petition, and the Respondent filed an answer saying that Williams' claims are procedurally barred. Williams filed a response to the answer.

After reviewing the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed with prejudice. Williams filed objections, but the Court overruled these objections and dismissed the petition on October 5, 2010.

Williams did not appeal the dismissal. Instead, on April 6, 2011, he filed a motion for relief from the judgment under Rule 60(b), Fed. R. Civ. P. This motion raised two additional grounds for habeas corpus relief, which had not been set out in his petition or presented to the Court prior to the filing of the motion for relief from judgment.

After review of this motion, the Magistrate Judge issued a Report recommending that the motion be denied. The Magistrate Judge observed that the Supreme Court has held that a motion

1

for relief from judgment which raises new claims is in effect a successive petition and should be treated accordingly; as a result, the Fifth Circuit has stated that a habeas petitioner cannot use Rule 60(b) to present new claims for relief from a state court's judgment of conviction. Gonzalez v. Crosby, 545 U.S. 524. 531-32 (2005); Hernandez v. Thaler, 630 F.3d 420, 427 (5th Cir. 2011). In this case, the Magistrate Judge said, Williams was trying to use Rule 60(b) to present new claims, which is improper, and his motion could not be construed as a separate habeas corpus petition because he did not show that he had sought or received permission from the Fifth Circuit to file a successive petition. Thus, the Magistrate Judge recommended that Williams' motion for relief from judgment be denied.

Williams filed objections to the Magistrate Judge's Report on May 5, 2011. In his objections, Williams says that he "could not appeal the dismissal of his case because of the Court's ruling." He says that a challenge to an indictment can be raised at any time, including for the first time on appeal, that he received ineffective assistance of counsel, and that his claims have merit. He did not address the Magistrate Judge's conclusions that he could not raise new claims in a motion for relief from judgment or that his new claims are in effect a successive petition, requiring permission from the Fifth Circuit in order to file. Williams refers to a case in which a court held that a guilty plea in federal court cannot serve as a waiver of an argument on appeal that the defendant had been imprisoned for conduct which Congress had not prescribed as a crime, but he wholly fails to show how such a holding has anything to do with his case. Williams' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause and the Report of the Magistrate Judge. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge (docket no. 21) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Petitioner's motion for relief from judgment (docket no. 20) is DENIED. The denial of this motion shall have no effect upon Williams' right to file a separate habeas corpus petition raising the new claims which he sought to present in this motion for relief from judgment; however, in order to file a separate habeas corpus petition, Williams must first obtain permission to file a successive petition from the Fifth Circuit Court of Appeals.

So **ORDERED** and **SIGNED** this **17** day of **May, 2011.**

_____
Ron Clark, United States District Judge