IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LESTER WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 9:10cv64 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT

The Petitioner Lester Williams, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his convictions. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams complained of his convictions for aggravated sexual assault of a child and sexual assault of a child, for which he received concurrent 80- and 20-year sentences. He complained in his original petition that the State had tampered with evidence and withheld exculpatory evidence, he was subjected to double jeopardy, and the prosecutor violated a court order by withholding documents. After an answer from the Respondent, the petition was dismissed because Williams' claims are procedurally barred, in that he did not raise them in a procedurally proper manner to the Texas Court of Criminal Appeals.

Williams did not appeal the dismissal of his petition, but filed a motion for relief from judgment arguing that the indictment was fundamentally flawed and he received ineffective assistance of counsel. Neither of these grounds were raised in his federal petition. The motion for relief from judgment was denied on May 17, 2011.

1

On June 15, 2011, Williams filed a motion which he styled as a "motion for a directed verdict." In this motion, he complains that counsel's motion for directed verdict was made outside of the presence of the jury; he maintains that had the jury heard the motion, there would have been a different verdict. In effect, Williams' "motion for directed verdict" is a second motion for relief from judgment under Rule 60(b), Fed. R. Civ. P.

After review of this motion, the Magistrate Judge issued a Report on June 28, 2011, recommending that the motion be denied. The Magistrate Judge noted that this was a motion for relief from judgment which raised a new claim for relief, and so it is in effect a new habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005). The Fifth Circuit has stated that a habeas petitioner cannot use Rule 60(b) to present new claims for relief from a state court's judgment of conviction. Hernandez v. Thaler, 630 F.3d 420, 427 (5th Cir. 2011). The Magistrate Judge concluded that Williams could not present his new grounds for relief until he has received permission from the Fifth Circuit to file a successive petition, and that his motion did not present any other valid basis for relief from judgment in this case.

Williams filed objections to the Magistrate Judge's Report on July 8, 2011. In his objections, Williams says that his motion was not made under Rule 60(b), but is in fact a motion for directed verdict; he contends that this Court has jurisdiction over the motion under the appeal brief which he filed in the state court. He also argues that his motion does not raise any new claims, again citing his state appeal brief and petition for discretionary review.

Williams' objections are without merit. The federal district court plainly lacks jurisdiction to rule on a motion for directed verdict in a state criminal case, particularly where the verdict in that criminal case has already been handed down. Consequently, the Magistrate Judge did not err in construing Williams' motion as a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. The motion raises a new claim for federal habeas corpus relief, as shown by the fact that it was not raised in Williams' petition nor even in his first motion for relief from judgment. Williams cannot raise new matters in the context of a motion for relief from judgment, and he has not shown

that he has sought or received permission from the Fifth Circuit Court of Appeals to file a successive petition, as the Supreme Court explained in Gonzalez. Consequently, his second motion for relief from judgment should be denied.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion for a directed verdict (construed as a motion for relief from judgment), the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 26) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Petitioner's motion for directed verdict, construed as a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. (docket no. 25) be and hereby is DENIED.

So **ORDERED** and **SIGNED** this **28** day of **July, 2011.**

_____
Ron Clark, United States District Judge