IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LESTER WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 9:10cv64 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

The Petitioner Lester Williams, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed an application for the writ of habeas corpus under 28 U.S.C. §2254 challenging the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams complains of his convictions for aggravated sexual assault of a child and sexual assault of a child, for which he received concurrent 80- and 20-year sentences. The Magistrate Judge ordered the Respondent to answer the petition, and the Respondent argued that Williams' claims were procedurally barred. The Magistrate Judge, concluding that this argument was correct, issued a Report recommending that the petition be dismissed. Williams filed objections, but these were overruled and the petition was dismissed on October 15, 2010.

Williams did not appeal the dismissal of his petition, but on April 6, 2011, he filed a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. This motion raised two new arguments which he had not presented in his original petition for habeas corpus relief, including a challenge to the indictment and a claim of ineffective assistance of counsel. This motion was denied on May 17, 2011.

1

On June 15, 2011, Williams filed a motion which he styled as a "motion for directed verdict." In this motion, Williams asserts that a motion for directed verdict was made outside of the presence of the jury, arguing that there was "no evidence of any kind" to support the conviction, and contends that had the jury heard the motion, there would have been a different verdict. These claims also were not raised in Williams' original petition.

On June 28, 2011, the Magistrate Judge issued a Report recommending that this motion be construed as a second motion for relief from judgment and that this motion be denied because it is in effect a successive petition for habeas corpus relief. The Magistrate Judge noted that the Fifth Circuit has held that a habeas corpus petitioner cannot use Rule 60(b) to present new claims for relief from a state court's judgment of conviction. Hernandez v. Thaler, 630 F.3d 420, 427 (5th Cir. 2011), *citing* Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005). In Gonzalez, the Supreme Court stated that a motion for relief from judgment which raises new claims for relief, even if labeled a Rule 60(b) motion, "is in substance a successive habeas petition and should be treated accordingly." Gonzalez, 524 U.S. at 532.

Where a petitioner files a successive habeas petition, the district court lacks jurisdiction unless the petitioner has secured permission from the Court of Appeals to file such a petition. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). In this case, it is clear that Williams' Rule 60(b) motion should be treated as a successive petition, in that it does not challenge only a defect in the integrity of the federal habeas proceedings, but seeks to add new grounds for relief. *See* Canales v. Quarterman, 507 F.3d 884, 887 (5th Cir. 2007), *citing* Gonzalez, 545 U.S. at 532. In Gonzalez, the Supreme Court held that "a motion that seeks to add a new ground for relief ... will of course qualify [as a motion which should be treated as a successive petition]." Williams' motion seeks to add new grounds for relief, and he makes no showing that he has received permission from the Fifth Circuit to file a successive petition, and so the Magistrate Judge concluded that the court lacked jurisdiction over the claims.

2

Williams filed objections to the Magistrate Judge's Report on July 8, 2011. In his objections, Williams says that his motion was not made under Rule 60(b), but that it is a motion for directed verdict - specifically, a motion asking that the federal district court direct a verdict in the state trial court. He says that the motion does not raise new grounds for relief, but that these grounds were presented in his state court appeal and his request for a petition for discretionary review to the Texas Court of Criminal Appeals.

These objections are without merit. The federal district court cannot "direct a verdict" in a state criminal case, particularly a case in which the verdict has long since been rendered and upheld on appeal. The Magistrate Judge did not err in construing Williams' motion as a motion for relief from judgment under Rule 60(b). *See* United States v. Gallardo, 915 F.2d 149, 150 n.2 (5th Cir. 1990) (construing objections to magistrate judge's report received after the case was dismissed as a motion to alter or amend the judgment).[1]

Nor did the Magistrate Judge err in the recommended resolution of the motion. Williams' motion contains two claims, sufficiency of the evidence and trial court error in requiring counsel to present the motion for directed verdict outside the presence of the jury. These grounds for relief were not contained in his original habeas petition, but were presented to the federal court for the first time in this motion. Whether or not they were presented to the state courts has no bearing on the successive-petition analysis under Gonzalez. The Magistrate Judge properly determined that Williams' motion was in effect a successive petition, over which the Court lacks jurisdiction because Williams has not obtained permission from the Fifth Circuit to file a successive petition. Williams' objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion for directed verdict, construed as a motion for relief from judgment under Rule 60(b), the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such

---

[1] Were Williams' motion to be construed as a motion for directed verdict in the state criminal case, the Court would still lack jurisdiction to grant such relief.

3

*de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 26) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Petitioner's motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. (docket no. 25) be and hereby is DENIED. The denial of this motion shall have no effect upon the right of the Petitioner Lester Williams to seek permission from the Fifth Circuit to file a successive application for the writ of habeas corpus. Finally, it is

ORDERED that the Clerk of this Court shall accept no further pleadings from the Petitioner Lester Williams in this above-styled and numbered cause except for a notice of appeal and motions related directly thereto. Any other pleadings received from Williams may be returned unfiled or filed and then stricken from the docket without further notice or order from the Court.

So **ORDERED** and **SIGNED** this **29** day of **July, 2011.**

_____
Ron Clark, United States District Judge